UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| NATHAN DEWAYNE BROCK, | ) |
| | ) Case No. 4:25-cv-43 |
| *Plaintiff*, | ) |
| | ) Judge Travis R. McDonough |
| v. | ) |
| | ) Magistrate Judge Michael J. Dumitru |
| STATE OF TENNESSEE and COFFEE COUNTY, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff, a former Coffee County inmate now housed in Rutherford County, filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of his confinement for state charges (Doc. 2), a "petition for release" alleging that a towing company improperly sold his deceased mother's car after it was stolen and recovered (Doc. 8), and two motions for leave to proceed *in forma pauperis* (Docs. 1, 6) that are now before the Court. For the reasons set forth below, Plaintiff's motions for leave to proceed *in forma pauperis* (*id.*) will be **GRANTED**, his "petition for release" (Doc. 8) will be **DENIED**, and this action will be **DISMISSED** because neither Plaintiff's complaint (Doc. 2) nor his petition (Doc. 8) states a claim upon which relief may be granted under § 1983.

I.  **FILING FEE**

As the Court noted in its previous order (Doc. 5), Plaintiff's initial motion for leave to proceed *in forma pauperis* (Doc. 1) does not include a certified copy of his inmate trust account statement, or the institutional equivalent, as 28 U.S.C. § 1915(a)(2) requires. Plaintiff also did not file this document with his second motion for leave to proceed *in forma pauperis* (Doc. 6).

Nevertheless, as Plaintiff states in a letter to the Court that he attempted to obtain this document from a Coffee County jail official but was unable to do so due to his move to Rutherford County (Doc. 9, at 1–2) and states in his second motion for leave to proceed *in forma pauperis* that he has no money in his inmate account (Doc. 6, at 1), the Court will not allow this technical requirement to further delay this case. Accordingly, Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 1, 6) are **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate account; or (b) twenty percent (20%) of the average monthly balance in his inmate account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate accounts at the institution where Plaintiff is now confined. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right.

B. **Allegations**

In his complaint, Plaintiff states that after he was stopped for speeding on a private drive in 2022, he was forced to go to court and held without bond for forty days as of August 20, 2025, "[f]or speeding driving on a revoked [license] 1st offense and 39-16-609[1]" (Doc. 2, at 3–4).

---

[1] It is apparent that this refers to Tenn. Code Ann. § 39-16-609(a), which provides in relevant part that:

Plaintiff challenges this confinement as improper because the clerk of court did not notify him of any court date eleven days before the hearing, that "[he] ha[s] never [e]ntered into a contract with the State of Tennessee in the form of a [d]river['s] lice[nse]," and that "[he is] not a 14th A[]mend[ment] cit[i]zen [he is] a state national [and] . . . only the legal rep[re]sentative of corp[o]ration N[athan] B[rock] without prejudice" (*id.* at 4). Plaintiff sues the State of Tennessee and Coffee County, and he requests money damages (*id.* at 1, 3, 5).

Also, in his "petition for release," Plaintiff states that when his mother died, she left his brother a car (Doc. 8, at 1–2). However, Plaintiff's brother was incarcerated at the time, and the car was then stolen, which Plaintiff reported to the Coffee County Sheriff's Department (*id.* at 2). The Ashland City Police Department subsequently recovered the stolen car and arrested two individuals for stealing it (*id.* at 2–3). But neither the Coffee County Sheriff's Office nor the Ashland City Police notified Plaintiff,[2] who was the executive of his mother's will, that they had recovered the car, which he discovered through an app (*id.* at 3).

Plaintiff then called the Ashland City Police and spoke to an officer who gave him the address for E&E Towing (*id.* at 4). Plaintiff called E&E Towing and spoke to an individual who

---

It is unlawful for any person to knowingly fail to appear as directed by a lawful authority if the person:
(1) Has been lawfully issued a criminal summons pursuant to § 40-6-215;
(2) Has been lawfully commanded to appear for booking and processing pursuant to a criminal summons issued in accordance with § 40-6-215;
(3) Has been lawfully issued a citation in lieu of arrest under § 40-7-118;
(4) Has been lawfully released from custody, with or without bail, on condition of subsequent appearance at an official proceeding or penal institution at a specified time or place; or
(5) Knowingly goes into hiding to avoid prosecution or court appearance.

[2] Based on the totality of the petition, it appears that Plaintiff uses the term "Ia people," to refer to himself (*see*, *generally*, Doc. 8). Accordingly, the Court refers to Plaintiff where he uses this term in the petition.

4

told Plaintiff he could pick up the car after Coffee County released it, and this individual then called Plaintiff back and told Plaintiff that E&E Towing could release the car (*id.* at 4–5). Plaintiff went to pick up the car "with all the proper paperwork," but E&E Towing refused to provide it to Plaintiff and instead sold it for $7,000, which E&E Towing and Ashland City Police split (*id.* at 5–6). Plaintiff also then received a bill for $1,300 from E&E Towing (*id.* at 7). Plaintiff has contacted the Governor and the State Attorney General about these events, but they have not provided him any help (*id.*).

In his petition, Plaintiff sues the State of Tennessee, Coffee County, Cheatham County, and Ashland City Police and requests $2,500,000 and for all Defendants to be investigated for violation of the "R[I]CO" act and for sales of stolen property (*id.* at 6, 8).

**C. Analysis**

First, it is apparent from Plaintiff's complaint that he seeks monetary damages based his assertion that pending charges and/or criminal convictions against him resulted in him being improperly confined in the Coffee County Jail (Doc. 2). However, Plaintiff may raise his claims challenging any pending state charges against him in that state prosecution, which would implicate important state interests. Also, Plaintiff does not set forth any facts suggesting that a court has invalidated any conviction that caused his Coffee County confinement. Accordingly, Plaintiff may not bring any such claims before this Court at this time. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that that federal courts must abstain from entertaining lawsuits by plaintiffs seeking to enjoin a criminal prosecution against them in state court where those ongoing proceedings implicate important state interests, and the plaintiffs have an adequate opportunity to raise their challenges in that forum); *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (providing that a § 1983 action challenging an underlying conviction or sentence "is barred

5

(absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Plaintiff's allegations arising out of his inability to obtain custody of his mother's car after it was stolen, recovered, and towed by police and E&E Towing likewise fail to state a plausible § 1983 claim. First, Plaintiff may not sue the State of Tennessee for these events, because "a state is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Moreover, even if the Court assumes without deciding that Plaintiff adequately alleges that E&E Towing was acting under color of state law in selling his deceased mother's stolen car, Plaintiff must plausibly allege that a custom or policy of this entity and the remaining municipality Defendants caused a violation of his constitutional rights to state a claim upon which relief may be granted under § 1983 against them based on this act. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978). (explaining that a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Such a claim requires the plaintiff to plead adequate facts indicating "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff has not done so.

As such, Plaintiff's petition (Doc. 8) is **DENIED**, and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2, 6) are **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint and petition in favor of Plaintiff, they fail to state a claim upon which relief may be granted under § 1983;

5. Accordingly, Plaintiff's petition (Doc. 8) is **DENIED, and** this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**